# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF THE STATE OF FLORIDA CIVIL DIVISION TAMPA

Brian Pitts, Pro Se, Attorney-in-fact,
Plaintiffs,

vs.

Sixth Judicial Circuit Court of Pinellas County Florida; Thomas E. Penick Jr., officially and individually; David A. Demers, officially and individually; Frank Quesada, officially and individually; Ray E. Ulmer Jr., officially and individually; Horace A. Andrews, officially and individually; Glenn, Rusmussen, Fogarty And Hooker, P.A.; Gregory M. McCoskey, Esquire; Walker, Cheatham And Harrington, P.A.; Brian C. Harrington, Esquire; Patricia M. Lee, Esquire; John C. Lenderman, officially and individually; James R. Case; officially and individually; Leonard H. Marks, Esquire; State of Florida; Department of Insurance, Florida; Clerk of the Court, 6th Circuit,
Defendants.

CASE NO.:
8:01CV2246-T-24
MAP
— Complaint For Civil Rights
And
Tortious Misconducts —

FILED
NOV 26 2001
Date                    Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

Plaintiff, Brian Pitts, sues Defendants John C. Lenderman, officially and individually; James R. Case, officially and individually; Leonard H. Marks, Esquire; State of Florida; Sixth Judicial Circuit Court of Pinellas County Florida; Department of Insurance, Florida; Clerk of the Court, 6th Circuit and states:

## Jurisdiction And Venue

1a. This Action is brought pursuant to 42 U.S.C 1983, 1985(2) And (3), 1981, 1986; 18 USC 241, 242; 28 USC 1961, 1962 Along with other Crimes and Torts Against the United States.

1b. Jurisdiction of this Court is invoked under 28 USC 1331, 1343, 1357, 1367. Plaintiff further invokes the pendent jurisdiction of this court to hear and decide claims arising under Florida state law. FS 768.28, 760, 839, 843, 772, 895 and others.

1c. The Amount in controversy exceeds $75,000.00 exclusive of interest and costs each count.

1d. Venue is placed in this district because it is where all the parties reside and where the events complained of occurred. 28 USC 1391(b) See page 8

## Pleading Aspects

1e. This complaint consists of NINE counts capacities and causes of action are pled in alternatives concerning parties.

1f. Counts consist of various causes of action joined by virtue of state case number, entity, or statute.

1g. State action is declared herein with the violation and deprivation of all four clauses of the 14th Amendment of the Federal constitution alleged; deprivation of 28 USC 1654, 28 Rule 201 alleged.

1h. Torts And Crimes which are pled are with the florida and federal parallels in mind. for Example Count V.

1i. Florida And Federal caselaw shall be presented upon all counts "stare decisis." And immunity defenses contested with law and facts, evidence.

1j. It shall be required for the Court to take judicial notice of and Plaintiff moves for the evidence of the state court files or a copy thereof to the cases declared herein. Counts I-IV, VI And VII; V, VIII And IX

1k. Plaintiff, Brian Pitts, is a citizen of the United States, A resident of the State of Florida, ST. Petersburg the city.

1L. At all times relevant to the allegations of this complaint and in all actions of the defendants alleged, defendants were acting under color of law. And on various occassions lacking authority/jurisdiction.

1M. Due to the complex issues herein this pleading shall most likely require amending and/or supplementing, especially to join the Second District Court Appeals, Florida and the Florida Bar for presently still aquiring claims.

IFP

Page 1 of 9

BRIAN Pitts, Pro Se, Attorney-in-fact
Plaintiff,

vs.

Sixth Judicial Circuit Court of Pinellas County; Thomas E. Penick Jr., officially and individually; David A. Demers, officially and individually; Frank Quesada, officially and individually; Glenn, Rasmussen, Fogarty and Hooker, P.A.; Gregory M. McCoskey, Esquire, et.al.,
Defendants.

— Complaint For Civil Rights And Tortious Misconduct —
(42 USC 1983, 1985(2) and (3); F.S. 768.28)
42 USC 1981, 1986

Plaintiff, Brian Pitts sues Defendants, Sixth Judicial Circuit Court of Pinellas County; Thomas E. Penick Jr. individualy and in his official capacity; David A. Demers individualy and in his official capacity; Frank Quesada individualy and in his official capacity; Glenn, Rasmussen, Fogarty and Hooker, P.A.; Gregory M. McCoskey, Esquire, and states:

## Count I: Case 00-2490CI-8

1. This is an action for damages in excess of $15,000/75,000.
2. Sunshine State Mortgage Trust instituted a mortgage foreclosure action on 4/6/00 against Pitts, employed Hooker P.A. and McCoskey, Esquire around 6/16/00 as co-counsel to pursue said action, before sitting Judge Thomas E. Penick Jr. official of the 6th Circuit Court, Pinellas County, Florida.
3. Pitts was and is pro se from start of said action pursing it by rules of civil procedure and State laws and orders of the court.
4. It is required by FS 454.11 and rules of the Bar that attorneys follow said guidelines in their pursuit of practice and justice. See also ADM. Order PA/PI-CIR-99-46; RJA 2.085, 2.050(g); 6th circuit local rule 3(c); RJA 2.050(e),(f);
5. Hooker P.A. through McCoskey, Esquire by whom he is supervised violated 4. Above by Exhibit A 3.(1),(5),(6)
6. McCoskey filed on 4/18/01 a motion to strike of which he had no legal authority to do and at 5/31/01 hearing sought a order for such.
7. It is required by F.S. 90.201, RJA 2.050(f) and Code of the Cannon that judges follow said guidelines in administering justice. See also ADM. ORDER PA/PI-CIR-99-46; RJA 2.085, 2.050(g); 6th Circuit local rule 3(c); RJA 2.050(e),(f); et al
8. On 5/31/01 at hearing McCoskey and Penick Jr. conspired to, then subsequently have judge render orders that were fraudulent, erroneous and disregarding Pitts rights human and property wise.
9. Prior in hearing 4/3/01 under the device of McCoskey, Penick Jr. aided and assisted in having rendered orders violating Pitts rights
10. The orders of 8. and 9. above were based on various motions and applications filed to the court by Pitts of which McCoskey and Penick Jr. scheme was skim away the various proceedings whether valid or not using Pitts pro se ignorance or disregard his position to establish the present resulting orders. See case record 12/00-6/01
11. Penick Jr. rendered a order on Pitts post judgment motions denying them and held no hearing as a continuation of the unjust scheme of 10. Above. Exhibit B. Pitts alleges the grounds in said motions.
12. Penick Jr. failed to act on McCoskey Prelimary motion 6/16/00 and on Pitts Conference motion of 7/18/00.
13. The Trial Court and McCoskey acted under color of State laws and regulations in bad faith, gross negligence and malicious purpose caused abuse of process and obstruction of justice, deprivation of U.S. 14th Amendment.
14. The trial court have caused Pitts considerable injury and economic loss, emotional distress, loss of goodwill and good name by business, personal and monetary damage justifying an award of punitive and unliquidated damages, along with McCoskey who is also liable for such, with judge(s) individually as well.
13A. And/or Pitts' realleges para. 68.

15. Pitts has exhausted or is without any other remedies in which to resolve these claims, A copy of this complaint shall be sent to the JQC and FL. Bar.

Wherefore Plaintiff demands a injunction for McCoskey to no longer proceed in this action i.e. case 00-2490CI, for Sixth Circuit to appoint a judge who will follow state law and for an award of accumulative, punitive and unliquidated damages holding Sixth Circuit, Penick Jr., Hooker P.A., and McCoskey jointly and severally liable for such; costs, fees, expenses, Attorney fees, and what other relief court deems proper. Plaintiff demands trial by jury. And judgment.

## Count II: CASE 00-2498CI 11/19

16. Pitts realleges para. 1-4., exception to para. 2 being Frank Quesada and David A. Demers as Judges of the 6th Circuit Court.
17. Pitts realleges para. 5. exception being RCP 1.140(d) was violated and procuring of a fraudulent order denying rehearing.
18. McCoskey moved for a fraudulent emergency relief when a reassignment of judge was due and caused disruption among the court.
19. Pitts realleges para. 7
20. Quesada violated Pitts by virtue of Exhibit C (rendered order denying rehearing).
21. Quesada delayed ruling on recusal motion for 75 days, failed to act on McCoskey preliminary motions and Pitts conference motion.
22. Quesada 3 times in concert with McCoskey attempted to set a hearing for the fraudulent emergency motion knowing there was a pending recusal motion., McCoskey was unauthorized counsel.
23. Qusada conspired with Demers to hold hearing of 22. above both aiding and assisting McCoskey.
24. Demers renders a fraudulent, erroneous and unauthorized order striking Pleadings of Pitts. Exhibit D
25. Quesada renders a recusal the same day as Demers, strangely Demers is assigned as sitting judge the next day.
26. Demers renders two more orders unauthorized and during a pending appeal, procured by fraud and negligence. Exhibit:
27. As in 10. above defendants sought the same result by this scheme. See case record 10/00-3/15/01, by orders of 24-26.
   27A.) Demers and/or Quesada wrongfully removed case law from the record presented by Pitts during to hearings of 1/17/2001 and 1/24/2001.
28. Pitts realleges para. 13-15.

Wherefore Plaintiff demands a injunction for McCoskey to proceed no longer in this action (00-2498-CI) once Appellate Court disposition has issued, for 6th circuit to appoint a judge who will follow law, and for unliquidated, accumulative, and punitive damages holding 6th circuit, Quesada, Demers, Hook P.A. and McCoskey jointly and severally liable, costs, fees, expenses, Attorney fees, and what other relief court deems proper. Plaintiff demands trial by jury. And judgment.

State of Florida
County of Pinellas

I, Brian Pitts, being duly sworn, say:
I am the Plaintiff in the the above-entitled action. I have read the foregoing complaint and know of the contents of the complaint. The contents are true of my own knowledge.

*Brian Pitts*
Affiant/Plaintiff

Sworn to and subscribed before me this 9th day of July 2001, Brian Pitts who produced a Florida I.D. card and who took an oath.

KARLEEN F. De BLAKER, Clerk Circuit Court
(Clerk of the court)

by _____
Deputy Clerk

[SEAL]

Brian Pitts, Pro Se, Attorney-in-fact,
Plaintiff,

vs.

Sixth Judicial Circuit Court of Pinellas County; Ray E. Ulmer Jr., officially and individually; Horace A. Andrews, officially and individually; Walker, Harrington and Cheatham P.A.; Brian C. Harrington, Esquire; Patricia M. Lee, Esquire; et. al,
Defendants.

Complaint For Civil Rights and Tortious Misconduct
(42 USC 1983, 1985(2) and (3), 1981, 1986; F.S. 768.28)

Plaintiff, Brian Pitts, sues defendants, Sixth Judicial Circuit Court of Pinellas County; Ray E. Ulmer Jr., officially and individually; Horace A. Andrews, officially and individually; Walker, Harrington and Cheatham P.A.; Brian C. Harrington, Esquire; Patricia M. Lee, Esquire; And States:

29. Pitts realleges Count I and II of complaint and para. 1A.-1L. re-incorporated herein.

### Count III: Case 84-015736-CI-17

30. This is an action for damages in excess of $15,000/75,000.
31. Jeanie M. Nardozzi pursued post dissolution proceedings on or around 5/4/2001, then appointed Brian Pitts as Attorney-in-fact 5/31/2001, before sitting judges: Ray E. Ulmer Jr. official of the 6th Circuit Court of Pinellas County, Florida and Senior Judge Horace A. Andrews official of 6th Circuit Court, with opposing counsel being Brian C. Harrington, Esquire, under the supervisory of Cheatham P.A.
32. Pitts pursued proceedings under Power of Attorney and within the guidelines of court procedures rules and State laws.
33. Pitts realleges para. 4. and 7.
34. On 7/3/2001 at hearing, Cheatham P.A. through Harrington, and Andrews conspired to have rendered a fraudulent and erroneous order disregarding Pitts and Nardozzi rights. Exhibit F (Pitts alleges grounds in his signed motions)
34.A) order violates Exhibit G 1. and 2.
35. Harrington and Ulmer have conspired to deny Pitts access to the courts disallowing any further hearings for relief in said case by Exhibit I and by judges constant verbal refusal.
36. By 34. and 35. above trial court and Harrington have violated F.S. 709.08(11) and are liable to Pitts and Nardozzi for damages.
37. Similar to 10. above the trial court and Harrington by 34.-36. and 39. sought to pray on the ignorance of Pitts and Nardozzi and disregard their position on any matter. See case record 5/4/01-7/30/01. The trial court and Harrington violated Nardozzi once before in like manner of 34. in a 1/99 post dissolution proceeding.
38. Trial court and Harrington have caused defamation, slander and disparagement to Pitts by sending order of 34. and Exhibit I to the bar, violating Nardozzi's rights under Pitts care and the misconduct direct at Pitts during hearing before all who were in chambers.
39. By 34. the trial court and Harrington committed, and caused Nardozzi to commit a fraud upon Pitts depriving him payment for services provided in said proceeding.
40. Pitts realleges para. 13-15 Exception being Harrington in place of McCoskey in para. 13 and 14.

Wherefore Plaintiff demands a injuction for Harrington to proceed no longer in case 84-015736-CI, for 6th Circuit to Appoint a judge who will follow State law and for accumulative, unliquidated and punitive damages holding the 6th Circuit, Andrews, Ulmer Jr., Cheatham P.A., and Harrington jointly and severally liable, costs, fees, expenses, Attorney fees, and what other relief court deems proper.   Plaintiff demands trial by jury and judgment.

## Count IV: Case 93-1679-FD-17

41. This is an action for damages in excess of $15,000/75,000.
42. Pitts realleges para. 31 Exception being Child Support modification proceedings were pursued on or around 3/1/2001 in place of postdissolution proceedings before judge Ray E. Ulmer Jr. of the 6th Circuit only, with opposing counsel Patricia M. Lee, Esquire.
43. Pitts realleges para. 32, 4. and 7.
44. On 7/10/2001, at hearing, Ulmer Jr. caused Pitts and Nardozzi rights to be violated. Exhibit H
45. Lee at hearing made no attempt, as a officer of the court, to prevent the court's misconduct but watched and listened.
46. Lee used said opportunity to present fraudulent dated and belated discovery being noncompliant with plaintiff req—
47. Pitts realleges para. 35 Exception being Lee in place of Harrington and Excluding Exhibit I.
48. Pitts realleges para. 36 Exception being 44-47 in place of 34. and 35., And Lee in place of Harrington.
49. Pitts realleges para. 37. Exception being Lee by 44-48 and 51. in place of Harrington -39., 3/1/2001-7/14/2001 in place of 5/4/01-7/20/01. And excluding The—proceeding-
50. Pitts realleges para. 38 excluding Harrington and sending—bar.
51. Pitts realleges para. 39. Exception being 44.-45. in place of 34. and Lee in place of Harrington.
52. Pitts realleges para. 13-15. Exception being Lee in place of McCoskey in para. 13. and 14.

Wherefore Plaintiff demands a injuction for Lee to proceed no longer in case 93-1679-FD, for 6th Circuit to appoint a judge who will follow State laws and for an award of accumulative, punitive and unliquidated damages holding 6th Circuit, Ulmer Jr., and Lee jointly and severally liable, costs, fees, expenses, attorney fees, and what other relief court deems proper. Plaintiff demands trial by jury and judgment. //

## Count V: FS. 772.102;.103; 895.02;.03; 28 USC 1961, 1962

53. This is an action for damages in excess of $15,000/75,000.
54. Pitts realleges para. 2-28, 31-40, 42-52, 59-69, 72-81, 83-89
55. by 54. above sixth circuit, judges officially and individually, and opposing and co-counsels all officers of the court and stated therein with claims pled have participated in and committed to criminal and racketeering activity and a pattern of criminal and racketeering activity, and are jointly and severally liable, for the affairs of such enterprise.
56. the offending conduct of 55. seems to be prevailing and predominately against pro se litigants.
57. In accordance with 55. there is a common unlawful rule of practice which declares "No judge shall set aside his own orders or those of another judge" they will either deny the request and direct you to appeal or one of the two.

Wherefore Plaintiff demands judgment for accumulative, treble and unliquidated damages, costs, fees, expenses, attorney fees, and what other relief court deems proper. Plaintiff demands trial by jury.

State of Florida
County of Pinellas

I, Brian Pitts, being duly sworn, say:
I am the Plaintiff in the above-entitled action. I have read the Complaint and know of the contents of the Complaint to be a true and correct summary of my own knowledge.

Sworn to and subscribed before me this JUL 3 1 2001 day of 2001, Brian Pitts who produced a Florida I.D. card and who took an oath.

Brian Pitts
Plaintiff/Affiant

Print
KARLEEN F. De BLAKER, Clerk Circuit Court
Yvonne Rayford
Deputy Clerk

[SEAL]

## COUNT VI: CASE 00-2490 CI-19

58. This is an action for damages which exceed $15,000/75,000.
59. Pitts realleges para. 2, Exception being before reassigned sitting judge John C. Lenderman.
60. Pitts realleges para. 3
61. Pitts realleges para. 4. And 7.
62. McCoskey with fraud conspired with Lenderman violated Pitts rights by virtue of Exhibit J.
63. Lenderman rendered fraudulent and erroneous orders fulfilling said violation of Pitts rights. Exhibit K
64. Pitts realleges para. 27, exception being see case record 7/2001-10/2001, by misconduct of 62.-63. Above.
65. McCoskey continues to act as counsel in cause knowing a pending injunction is sought against him by Pitts as of 8/16/2001, para. 4 of motion to disqualify Judge.
66. Lenderman has wrongfully withheld inserting Pitts' reconsideration motion (copy) with case law presented at 9/12/2001 hearing, into the case file.
67. Lenderman had no authority/jurisdiction to render orders of 9/20/2001, dismissing counterclaim and setting sale.
68. by the misconduct declared herein defendants have intentionally and negligently acted unethically and incompetently in administering and practicing justice in said action herein and in the 6th Circuit Court.
69. Pitts realleges para. 13.-15.
70.

Wherefore, plaintiff demands an injunction for Lenderman to no longer sit in case 00-2490 CI, 6th circuit to assign a judge who will follow State law; And for accumulative, unliquidated and punitive damages holding 6th Circuit, Lenderman, Hooker P.A., McCoskey jointly and severally liable; costs, fees, expenses, Attorney fees, And what other relief court deems proper. Plaintiff demands trial by jury and judgment.

## COUNT VII: CASES 99-2742 CI-11/19, 01-3935 CI-21

71. this is an action for damages in excess of $15,000/75,000.
72. Plato Properties instituted a quiet title action on or around 5/25/2001 against Pitts, employed Leonard H. Marks, Esquire to pursue said action, before sitting judge Jame R. Case, official of the 6th circuit court Pinnellis Cty.
72A. Marks also was employed to pursue post judgment proceedings in case 99-2742 CI 11/19 for Bruce S. Goldstein.
73. Pitts realleges para. 3.
74. Pitts realleges para. 4 And 7., See. Fed. RCP 56.
75. Marks violated Pitts rights by virtue of Exhibit L1.
76. Marks violated Pitts rights by sloughting a strike order in case 99-2742 CI to dispose of a pending defense in case 01-3935 CI 4 days before Summary judgment hearing. Exhibit L2
77. Case aided and assisted Marks to have a judgment rendered then Amended with no fair hearing Against Pitts.
78. Case violated Pitts rights by rendering fraudulent and erroneous orders. Exhibit M
79. Marks and Case conspired/colluded to violate Pitts rights completely disregarding all due process compliance for granting Partial Summary Judgments by 77-78 above. See also case record
80. Pitts realleges para. 68
81. Pitts realleges para. 13.-15., Exception being Marks in place of McCoskey in para. 13. And 14.

Wherefore Plaintiff demands an injunction for Marks and Case to proceed no longer in case 01-3935 CI, Marks and Lenderman by Count VI And para. 75-76. proceed no longer in case 99-2742 CI; for 6th Circuit to assign a judge who will follow State law; And for accumulative, unliquidated and punitive damages holding 6th circuit, Case and Marks jointly And severally liable; costs, fees, expenses, Attorney fees, And what other relief court deems proper. Plaintiff demands trial by jury and judgment.

## COUNT VIII: Sixth Circuit Court, State Of Florida

82. This is an action for damages in excess of $15,000/75,000.
83. Pitts realleges para. 3 and 32 seeking relief/recourse in the 6th Circuit Court Judicial, Pinellas County, State of Florida in the cases declared in Counts I-IV and VI-VII.
84. It is required that the 6th Circuit comply with FS 90.201; ADM. Order PA/PI-CIR-99-46JN administering justice.
85. The 6th Circuit have violated 84. above and Pitts rights and/or other Pro Se litigants by virtue of para. 83 in:
    A. disregarding Statutory and decisional law of Florida
    B. Misinterpreting Florida law intentionally
    C. Misapplying Florida law intentionally
    D. denying due process of law: fair opportunity to be heard by impartial fact-finder
    E. disregarding filings   F. rendering ghost writing orders to opposing counsel   G. Pitts realleges para. 57
86. 6th Circuit has implemented a policy or custom that deny various State and Federal statutory and constitutional rights to Pitts and/or Pro Se litigants.
87. 6th Circuit are condoning various incompetent and negligent officers to be employed by them to cause severe miscarriage of justice and of administration of justice to the detriment of public interest and policy.
88. 6th Circuit has participated in a pattern of obstruction of justice acting under color of State law have invidiously discriminated against Plaintiff, Pitts and/or Pro Se litigants caused deprivation of personal and property rights and interests, equal protection of laws as well.
89. Pitts realleges para. 13-14., Excluding McCoskey
90. by ratifying 14th Amendment States are without immunity and by enacting FS 768.28 States and their Agencies are liable for the misconduct herein.

Wherefore Plaintiff demands accumulative damages, punitive and unliquidated damages; costs, fees, expenses, Attorney fees, and what other relief court deems proper. Plaintiff demands trial by jury, judgment and treble damages.

## COUNT IX: Clerk of the Court, 6th Circuit, Florida; Karleen F. DeBlaker

91. This is an action for damages in excess of $15,000/75,000.
92. Pitts acquired insolvency orders in cases 00-2490CI, 00-2498CI, 01-3935CI and 01-5141CI in the 6th Circuit court of Pinellas County, Florida, Judicial.
93. Pitts realleges para. 3
94. It is required that the clerk follow FS 28.18, 28.211, 57.081, and RJA 2.050(e), 2.020 in the maintenance and service of court business pending in the 6th circuit.
95. The Clerk violated 94. above and Pitts rights:
    A. failing to docket and misdocketing filings     H. due to A-D and F the Clerk's Record on Appeals (2490CI + 2498CI) are erroneous and incomplete
    B. Failing to mail filings to opposing counsel consistently and refusing to when requested
    C. Allowing documents to be damaged and disorganized in file and/or not inserted in the file
    D. Supply of inadequate copies to Pitts from files
    E. failing and refusing to serve process on all defendants listed in case 01-5141CI
    F. employees of Clerk declaring conflicting interpretations about what services, costs and fees are available to indigents especially during a pending appeal. See also RAP 9.430
    G. failing to have 6th Circuit local court rules and ADM. order PA/PI-CIR-99-46 available for viewing and copying. (See case dockets and files and Exhibit N)
96. Pitts conversed with superiors within the Administration of the Clerk results were/are inconsistent and confusing concerning indigents priviledges under FS.57.081.
97. The clerk has acted in gross negligence are conducting a inadequate policy/custom under color of State law causing deprivation of access to the courts and prejudice to rights of Pitts and/or indigents to be determined. And/or Pitts realleges para. 68
98. The acts of the Clerk have caused Plaintiff on several situations to be in non-compliance with Rules of the court (Florida), emotional distress, personal monetary loss

Wherefore, Plaintiff demands accumulative, punitive and treble damages; unliquidated damages; costs, fees, expenses, Attorney fees; and what other relief Court deems proper. Plaintiff demands trial by jury and judgment

Respectfully, submitted 11/26/2001
Brian Pitts, Plaintiff, Pro Se, A-1-F
200 4th ST. N., #104
ST. Petersburg, FL 33701

*Brian Pitts/ Brian Pitts,*
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

To Defendants:

Sixth circuit Judicial Court
Bernie McCabe, State Attorney
14250 49th Street North
Clearwater, FL 33762

Chief Judge
David A. Demers, individually
545 1st AV. N. RM 400
ST. Petersburg, FL 33701

Thomas E. Penick, Jr., individually
545 1st AV. N. RM. 300
ST. Petersburg, FL 33701

Frank Quesada, individually
14250 49th Street North
RM. Ch. 18
Clearwater, FL 33762

Ray E. Ulmer, Jr., individually
545 1st Ave. N. RM 200
ST. Petersburg, FL 33701

Horace A. Andrews, individually
Office of Court Admin. #102
324 S. FT. Harrison Ave.
Clearwater, FL 33756

Robert A. Butterworth, Attorney General
Department of Legal Affairs, State of Florida
The Capitol
Tallahassee, FL 32399

John C. Lenderman, individually
545 1st Ave. N. RM. 211
ST. Petersburg, FL 33701

James R. Case, individually
315 Court Street RM 417
Clearwater, FL 33756

Department of Insurance
Risk Management Division
PL-11 The Capitol
Tallahassee, FL 32399-0300

[Brian Pitts declares that
I born 9/14/71; IN Philadelphia,
PA., 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 is my SSN;
this is a tort claim but may
be criminal; that has occurred
in the 6th Circuit Judicial Court
for Pinellas County of Florida;
And to best of knowledge owe
NO unpaid claims in excess of
$200.00.]

Department of Insurance
Bureau of State liability claims
Hermitage Centre
Tallahassee, FL 32399

Clerk of the Court, 6th Circuit
Karleen F. De Blaker
315 Court Street, RM. 170
Clearwater, FL. 33756

Glenn, Rasmussen, Fogarty and Hooker. P.A.
100 South Ashley Drive, Ste 1300
Tampa, FL 33601-3333

Gregory M. McCoskey, Esquire
100 South Ashley Drive, Ste 1300
Tampa, FL 33601-3333

Walker, Harrington and Cheatham, P.A
5536 Central Ave.
ST. Petersburg, FL 33707

Brian C. Harrington, Esquire
5536 Central Ave.
ST. Petersburg, FL 33707

Patricia M. Lee, Esquire
539 1st Ave N.
ST. Petersburg, FL 33701

Leonard H. Marks, Esquire
405 East Hillsborough Ave.
Tampa, Florida 33604

State of Florida
County of Pinellas

I, Brian Pitts, being duly sworn, say:

I am the Plaintiff in the above-entitled action. I have read the foregoing Nine Count complaint and know of the contents of the complaint. The contents are true and correct of my own knowledge.

_____
PLAINTIFF/AFFIANT

Sworn to and subscribed before me this _____ day of _____ 2001, Brian Pitts who produced a Florida State Identification card and who took an oath.

[SEAL]

_____
Print

_____
Sign

Page 9 of 9

# DOCUMENT, ATTACHMENTS, OR EXHIBITS NOT SCANNED

FOR THE FOLLOWING REASON(S):

- [ ] PHYSICAL SIZE OF PAPER (LARGER OR SMALLER THAN 8½ x 11)
- [ ] EXCEEDS PAGE LIMIT
- [ ] DOUBLE SIDED PAGE
- [ ] BINDING CANNOT BE REMOVED WITHOUT DAMAGING DOCUMENT
- [ ] CASE LAW
- [ ] SOCIAL SECURITY RECORD/ANSWER
- [ ] TRANSCRIPT

PLEASE REFER TO COURT FILE FOR COMPLETE DOCUMENT